IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: KTP Builders, Inc.<br>A Texas corporation,<br>Debtor | Case No. 15-34109<br><br>Chapter 11 Proceeding |

MOTION OF DEBTOR-IN-POSSESSION KTP BUILDERS, INC.
TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE
PURSUANT TO 11 U.S.C. § 1112(B)

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED IN THE MOTION MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

The Debtor-In-Possession KTP Builders, Inc. ("KTP"), by and through its undersigned counsel, files this Motion to convert the Debtor's chapter 11 case to a chapter 7 case pursuant to 11 U.S.C. § 1112(b). In support of this Motion, the Movant states as follows:

1.  <u>Jurisdiction, Venue & Statutory Predicate</u>:   This Court has jurisdiction to hear this matter and enter a final order granting the relief requested pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Sections 105(a), 1103, and 1109 of the Bankruptcy Code.

2.  This matter is a core proceeding 28 U.S.C. § 157(b)(2) upon which this Court has the authority to enter final order.

3.  The statutory predicates for this Motion are 11 U.S.C. §§ 105 and 1112(b) and in the alternative, 1104(a).

4.     Background: On August 3, 2015 (the "Petition Date"), the Debtor KTP filed a voluntary petition for relief under chapter 11 of the Code *[Docket Entry No. 01]*. Since the Petition Date, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

5.     No Creditor's Committee has been formed in this proceeding.

6.     Since the Petition Date, the Debtor continued to conduct its business of the construction of multi-unit residential structures, such as college dormitories.

7.     According to the Debtor's monthly operating reports, the Debtor's revenues from the operation of its business have radically declined. Monthly expenses continue to surpass income. The recently filed November Monthly Operation Report indicated that the Debtor had income of $0.00, expenses of $1,223.80, and only $105.64 in cash.

8.     Based on this lack of performance and dwindling revenues, Debtor does not believe that it can reorganize and is unable to continue to pay ongoing expenses

9.     Motion to Convert: Under the present circumstances, it is in the best interests of the Debtor's creditors to convert this chapter 11 case to a case under chapter 7 of the Bankruptcy Code, as it appears there is no meaningful operating business to reorganize and the only apparent potential value remaining is the liquidation of the Debtor's assets, which are in the form of accounts receivable.

10.    Section 1112(b)(1) of the Bankruptcy Code provides that the Court "shall" convert or dismiss the case if the movant establishes cause, unless the court determines that unusual circumstances exist such that conversion or dismissal would not be in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

11.    Section 1112(b)(4) provides a non-exhaustive list of multiple factors from which the Court may find a showing of "cause" for purposes of paragraph (b)(1). Cause for conversion exists when a moving party can demonstrate the substantial or continuing loss to or diminution of the debtor's estate and an absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A); see also *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987); *In re ABEPP Acquisition Corp.*, 191 B.R. 365

(Bankr. N.D. Ohio 1996).

12.     Once cause is established by the moving party, dismissal or conversion is mandatory (unless it is established that appointment of a trustee or examiner is warranted, which is not the case here). 11 U.S.C. § 1112(b)(1).

13.     The test in determining whether there has been a continuing loss to or diminution of the estate is whether there is "a negative cash flow by the debtor after entry of the Order for Relief in the Chapter 11 case, [or] depreciation in value of the debtors' assets notwithstanding possible positive cash flow, either condition sufficing to satisfy the first element set forth in § 1112(b)(1)." *Faden v. Faden*, Civ. No. 90-2863 (CSF), 1990 WL 191861, at *3 (D.N.J. Nov. 5, 1990).

14.     Likewise, conversion from a chapter 11 case to a chapter 7 case is appropriate where the debtor is continuing to lose money and intends to liquidate. See *ABEPP Acquisition*, 191 B.R. at 367.

15.     <u>Conclusion</u>:  "Cause" exists for conversion of this chapter 11 case to one under chapter 7. Additionally, the Movants are unaware of any circumstances that would constitute "unusual circumstances" that would operate as an exception to the standard set forth in section 1112(b)(1). Accordingly, it is appropriate and in the best interest of creditors and this estate for the Court to convert this chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

16.     WHEREFORE, the Movant respectfully requests that this Court enter an order converting the Debtor's case from chapter 11 to chapter 7 and grant such other and further relief as is just.

Dated:          January 13, 2017

Respectfully Submitted,


/s/ *C. Michael Black*
_____
C. Michael Black, Attorney for
        KTP Builders, Inc., a Texas corporation

One Sugar Creek Blvd., Suite 1080
Sugar Land, Texas 77478
713.522.5999 - Voice
713.522.2925 - Telecopier
SBT # 02369000
*email: cmb@cmblack-lawyer.com*